**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

In re:  **DAVID M. LAWRENCE**    Case No. 04-31626-DOT
       **ALISON SINCLAIR**
       Chapter 7 Debtors

David M. Lawrence
           Plaintiff

v.    Adversary Proceeding No. 05-03030-DOT

Direct Loans;
Perkins Loans;
ECMC; and
United States of America,
Department of Health and Human Services
           Defendant

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion to dismiss of the United States of America, on behalf of its agency the Department of Health and Human Services, substitute defendant for Sallie Mae with regard to the Health Education Assistance Loans (HEAL) of plaintiff/debtor David M. Lawrence. Hearing was held on May 25, 2005, at which the United States argues that the HEAL loans at issue are statutorily barred from discharge by 42 U.S.C. § 292f(g). The court agrees, and the motion to dismiss will be granted.

**Standard of review**

Rule 12(b)(6) allows a defendant to dismiss a complaint for "failure to state a claim upon which relief can be granted . . . ." A motion to dismiss should be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Illinois v. Telemarketing Assoc., Inc., 538 U.S. 600, 618, 123 S. Ct. 1829, 1839 (2003); Fed. R. Civ. P. 12(b)(6), made applicable to this adversary proceeding by Fed. R. Bankr. P.

7012(b).

In considering the motion, the court is testing the sufficiency of the pleadings and not deciding the merits of the case. For that reason it "may not consider any material other than the pleadings." Demas v. Demas (In re Demas), 150 B.R. 323, 326 (Bankr. S.D.N.Y. 1993). Further, all factual allegations will be presumed true and viewed in the light most favorable to the non-moving party. Albright v. Oliver, 510 U.S. 266, 267, 114 S.Ct. 807, 810, 127 L.Ed.2d 114 (1994).

The movant bears the burden of proving that no claim has been stated in plaintiff's pleading. See In re Demas, 150 B.R. at 327. The complaint will fail to state a claim for relief "if the complaint does not adequately plead some theory upon which the plaintiff could recover." Watson & Brown, P.C. v. Mansel (In re Mansel), 2001 WL 832358 at *7 (Bankr. N.D. Ill. 2001).

### **Findings of fact**

Plaintiff filed his a case under chapter 7 of the bankruptcy code on February 23, 2004. The trustee filed a report of no distribution to unsecured creditors on April 14, 2004, and plaintiff received a discharge on February 2, 2005. On March 17, 2005, plaintiff filed this adversary proceeding to determine the dischargeability of his various student loan obligations.

At issue here is the HEAL loan entered into by plaintiff on July 27, 1986, to cover the cost of his medical education at the Louisiana State University Medical Center in Shreveport, LA. The HEAL program is a federally insured loan program that uses private lending institutions for loans to students in the health professions schools. The program was enacted to meet the needs of health professions students who were required to borrow substantially more than the

borrowing limited under the Guaranteed Student Loan Program. HEAL loans are available for tuition, educational expenses, and reasonable living expenses. The parties have agreed that the appropriate holder of this HEAL loan and the proper party in interest is the United States of America, on behalf of its agency the Department of Health and Human Services.

The relevant facts as plead by plaintiff are largely undisputed. Plaintiff argues that all $201,882.28 of his student loan obligations should be discharged because of alleged fraud and negligence on the part of the University of Virginia, at which plaintiff continued his education in the Ph.D. program in environmental sciences until 2003, when he was dismissed from the program. The complaint recites a history of alleged errors and abuses on the part of the University of Virginia, basically arguing that absent the wrongful action of the University in encouraging him to continue in his studies, plaintiff would not have continued in the program and thereby incurred such large amounts of student loans. Plaintiff further argues that because of his dismissal from the graduate program, he is unable to earn sufficient income to both repay his student loans and maintain "an adequate standard of living" for himself and his family.

### Conclusions of law

At the outset, the court is careful to note that this decision addresses only the HEAL loan portion of plaintiff's outstanding student loan debt. This is crucial because the question of dischargeability of the remainder of the debt is governed by statutory provisions inapplicable to HEAL loans. While most student loan dischargeability is governed by § 523(a)(8) of the bankruptcy code, HEAL loans are governed instead by 42 U.S.C. § 292f(g), included in the Public Health Services Act. That statute specifically provides:

> (g) Conditions for discharge of debt in bankruptcy. Notwithstanding any other provision of Federal or State law, a debt that is a loan insured under the authority

>of this subpart may be released by a discharge in bankruptcy under any chapter of Title 11 only if such discharge is granted -
>(1) after the expiration of the seven-year period beginning on the first date when repayment of such loan is required, exclusive of any period after such date in which the obligation to pay installments on the loan is suspended;
>(2) upon a finding by the Bankruptcy Court that the nondischarge of such debt would be unconscionable, and
>(3) upon the condition that the Secretary shall not have waived the Secretary's rights to apply subsection (f) of this section to the borrower and the discharged debt.

42 U.S.C. § 292f(g).

In its motion to dismiss, defendant United States argues that the complaint is deficient as to the HEAL loans because it erroneously applies § 523(a)(8) of the bankruptcy code to determine dischargeability, rather than utilizing 42 U.S.C. § 292f(g), the appropriate provision. Further, defendant argues that the seven-year period of § 292f(g)(1) has not run, and thus the loan cannot be discharged in bankruptcy.

In response to the motion to dismiss, debtor argues that the seven-year period calculation should not be considered because of the alleged fraud and negligence on the part of the University of Virginia. Further, debtor argues that because of the alleged actions of the University, a nondischarge of the HEAL loan would be an undue hardship.

The Fourth Circuit has held that the bankruptcy provision of 42 U.S.C. § 292f(g) supersedes the general provision for the discharge of student loans in the bankruptcy code. U.S. Dep't of Health and Human Servs. v. Smitley, 347 F.3d 109, 114 (4th Cir. 2003). Therefore, § 523 of the bankruptcy code is inapplicable here, and plaintiff's arguments of undue hardship are irrelevant. Instead, plaintiff must satisfy the more stringent standard of "unconscionability" See Rice v. United States (In re Rice), 78 F.3d 1144 (6th Cir. 1996).

Analysis of § 292f(g), the appropriate statutory authority, reveals that all three requirements of the statute must be satisfied if a HEAL loan is to be discharged. See, e.g., In re Johnson, 787 F.2d 1179, 1182 (7th Cir. 1986). In considering plaintiff's complaint, the court considers the issue of unconscionability raised in subsection (g)(2) to be a question of fact, and the court must view it in the light most favorable to plaintiff. Therefore, for purposes of this motion, the court must assume that the facts will support plaintiff's assertion that it would be unconscionable to find that the debt is nondischargeable.

However, even assuming that nondischarge would be unconscionable, plaintiff has nonetheless failed to state a case upon which relief may be granted, because he has failed to plead that the seven-year period following the first date when repayment is required has expired. Rather, he insinuates in his response to the motion to dismiss that the requirement should be ignored or the requisite period recalculated based upon the allegedly unconscionable behavior of the University of Virginia. However, he cites no law in support of his proposition, and the court has been unable to discover any authority for it. Absent any other authority, the court will follow the logic of the Second Circuit, which has held that "conclusory allegations of fraud on the part of the school...attended do not excuse...nonpayment on the student loan, which was a debt owed to the government, not to the school." United States v. Medley, 13 Fed. Appx. 58 (2d Cir. 2001).

Because plaintiff has not satisfied the second requirement of the statute, he has not stated a case upon which relief may be granted. It is therefore unnecessary for the

5

court to address the third requirement of the statute, other than to note that plaintiff's complaint does not address it. Dismissal is thus the appropriate remedy. Therefore,

IT IS ORDERED that the motion to dismiss filed by the United States is hereby GRANTED.

Signed:_____

/s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

copies:

**Michael J. Champlin, Esq.**
Bowen, Champlin, Carr Foreman & Rockech
1919 Huguenot Rd., Suite 300
Richmond, VA 23235-4321

**Rand L. Gelber, Esq.**
8000 Towers Crescent Dr. Ste. 1350
Vienna, VA 22182

**Robert P. McIntosh, Esq.**
U.S. Attorney's Office
600 East Main St., Suite 1800
Richmond, VA 23219