UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re: **DAVID M. LAWRENCE**                                 Case Number: 04- 31626 DOT
        Chapter 7 Debtor

**DAVID M. LAWRENCE**                                    Adversary Proceeding No.05-3030-DOT
            Plaintiff
v.

**DIRECT LOAN**
**PERKINS LOAN and**
**EDUCATIONAL CREDIT MANAGEMENT CORPORATION**[1]
        Defendants

## MEMORANDUM OPINION AND ORDER

Trial was held November 7, 2005, on the debtor's complaint to determine

dischargeability of student loan debt based upon undue hardship, pursuant to §523(a)(8) of the

Bankruptcy Code. At the conclusion of trial, the court ruled from the bench that

judgment would be entered in defendants' favor. This opinion supplements the court's bench

ruling.

### Findings of Fact.

Debtor filed this chapter case on February 23, 2005, and this adversary proceeding on

March 17, 2005.

Debtor works as a journalist and scientist and as a college faculty member.  He has a

---

[1] The complaint originally named Sallie Mae as a defendant and included both regular
student loan debt and HEAL loans. By the court's order entered May 20, 2005, Educational
Credit Management Corporation (ECMC) was substituted for Sallie Mae as defendant.
Subsequently, on July 11, 2005, the court entered a consent order substituting the United States
Department of Health and Human Services as defendant for Sallie Mae with respect to the
HEAL loans. Then, on August 18, 2005, the court granted the United States' motion to dismiss
the complaint with respect to the HEAL loans. Thus, this opinion and order relate to the
allegations of the complaint involving dischargeability of regular student loan debt as to which
ECMC is the defendant.

masters degree in journalism from Columbia University and also holds a masters in geography.

He entered the University of Virginia in 1991 as a doctoral candidate and remained there until he

was dismissed in 2002. Debtor incurred the student loan debt at issue here while enrolled in this

program. The loans have a current balance of approximately $ 217,635.58.

Debtor is 44 years of age, married, and under no physical or mental disability. He is

currently employed on a full-time basis for several universities as an adjunct professor. His

income in 2005 will be approximately $30,000.00. Debtor's  wife is employed full time for  the

Commonwealth of Virginia and earns approximately $35,000.00 per year. According to schedules

filed with debtor's bankruptcy petition, the current monthly take home pay of debtor and his wife

is $4,421.44, and their monthly living expenses are $4,595.00.

Debtor has made no payment toward his student loan debt and has declined to engage in a

student loan Income Contingent Repayment Plan, which would have afforded him the opportunity

to make payments based upon his family income.

<u>Testimony of Vocational Expert Witness.</u>

Defendants called Dr. Larry Sinsabaugh as a vocational expert witness. Prior to trial, Dr.

Sinsabaugh had performed a vocational assessment of debtor, and a copy of his report was

admitted into evidence. His evaluation of debtor took into account debtor's extensive educational

background and work experience. In essence, Dr. Sinsabaugh testified that debtor has not

conducted an effective job search and that consequently he is underemployed; there are numerous

jobs in the Richmond metropolitan area for which debtor is qualified and which would afford a

significant increase in salary.

Conclusions of Law.

Student loans are generally non-dischargeable; however, the exception to this rule allows

a student loan to be discharged if "excepting such debt from discharge will impose an undue

hardship on the Debtor and the Debtor's dependents." 11 U.S.C. § 523 (a)(8).

This court determines issues of undue hardship under the test set forth in *Brunner v. New*

*York State Higher Education Services Corp.*, 831 F.2d 395, 396 (2nd Circuit 1987), e.g., (1) the

debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for

himself and his dependents if forced to repay the loans; (2) additional circumstances exist

indicating that the state of affairs is likely to persist for a significant portion of the repayment

period of the student loan; and (3) the debtor has made good-faith efforts to repay the loans.

Here, debtor has failed to present any documentary evidence or other corroborating

testimony in support of his contention that to require him to repay the student loan would create

an undue hardship on him or his dependants. Given his present circumstances, the court finds that

debtor can maintain, based upon his current income and expenses, a minimal standard of living

for himself and his dependants if forced to repay the loans. This conclusion relies upon the expert

vocational evidence that debtor, if he chooses, can earn significantly more than he does at present.

Additionally, debtor has not presented evidence to demonstrate by a preponderance of the

evidence that his present circumstances are likely to worsen for a significant portion of the

repayment period.

Finally, with respect to good-faith efforts to repay the loans, debtor has a duty to

maximize his income based upon his education and experience, which he has failed to do. See

*United States Dep't of Educ. v. Gerhardt (In re Gerhardt)*, 348 F. 3d 89 (5th Cir. 2003) (holding

3

that debtor cannot work for low pay then "claim that it would be an undue hardship to repay his loans").  See also *Oyler v. Educ. Credit Mgmt Corp. (In re Oyler)*, 397 F. 3d 382 (6th Cir. 2005). Moreover, debtor has not made any payments on the subject student loan debt and has not engaged in good-faith efforts to modify the subject loan or to consider other repayment alternatives.

Because debtor has failed to sustain his burden of proof by presenting evidence to support a finding of undue hardship as set forth in the cases interpreting §523(a)(8), his complaint to determine the dischargeability of student loan debt must be dismissed.

Accordingly,

**IT IS ORDERED** that judgment is entered for defendants, and debtor's complaint is dismissed.

SIGNED:                                     /s/ Douglas O. Tice Jr.
                                            DOUGLAS O. TICE JR.
                                            CHIEF JUDGE
                                            UNITED STATES BANKRUPTCY COURT

Entered on Docket:

**COPIES TO:**

Rand L. Gelber, Esquire
8000 Towers Crescent Drive, Suite 1350
Vienna, Virginia

Michael P. Champlin, Esquire
1919 Huguenot Road, Suite 300
Richmond, Virginia 23235

Robert McIntosh, Esquire
United States Attorney
600 E. Main Street
Main Street Center, Suite 1800

Richmond, Virginia 21219


United States Trustee's Office
600 E. Main Street
Suite 301
Richmond, Virginia 23219

Roy Terry, Esquire
Chapter 7 Trustee
Durrette & Bradshaw
600 E. Main Street
Main Street Center
20th Floor
Richmond, Virginia 23219